IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

```
------------------------------------------------------    :
UNITED STATES OF AMERICA,                                  :  CASE NO.  5: 11 CR 0084
                                                           :
                                    Plaintiff,             :
                                                           :  ORDER DENYING MOTION TO SEVER
                    -vs-                                    :
                                                           :
                                                           :
DEONDRAY BRADLEY and FAITH                                 :
BLANKS                                                     :
                                                           :
                                   Defendants.             :
------------------------------------------------------
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS

   Defendants Deondray Bradley and Faith Blanks were named in a two-count

Indictment on 2 March 2011 and charged with possession with intent to distribute

heroin, and maintaining premises for the purpose of manufacturing and distributing

heroin, in violation of 21 U.S.C. §§ 841 and 856. (Doc. 7).

   Now before the Court is Defendant Bradley's Motion for a separate trial.  (Doc.

33).  The government has responded in opposition.  (Doc. 37).

   Mr. Bradley maintains that his co-defendant Ms. Blanks' statement to police, prior

to the arrest, that "Deondray Bradley lived with her" compels a separate trial as that

statement, if introduced into evidence, prevents him from exercising his right to

confrontation in violation of the Constitution's Sixth Amendment and the Supreme

Court's decision in Bruton v. United States, 391 U.S. 123 (1968).  (Doc. 29).

   The government opposes the motion for severance predicated on the decision in

Zafiro v. United States, 506 U.S. 534 (1993).  The government contends that it does not intend to offer into evidence at trial Ms. Blanks' statement, but will rely instead upon "evidence throughout the apartment that Bradley was living, or at least staying there." (Doc. 37 p. 2).

After reviewing the record, the Court concludes for the reasons discussed below the defendant's motion for severance should be denied.

Rule 14(a) provides that if the joinder of offenses or defendants in an indictment appears to prejudice a defendant, the Court in its discretion, may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice may require. There is a preference for joint trials of defendants who are indicted together.  Zafiro, 506 U.S. at 537; United States v. Cobleigh, 75 F.3d 242, 247 (6th Cir. 1996); United States v. Brenig, 70 F.3d 850, 852-53 (6th Cir. 1995).  Federal courts strongly favor joint trials of defendants who are indicted together because it promotes judicial efficiency and serves the interests of justice by avoiding the inequity of inconsistent verdicts.  Zafiro, 506 U.S. at 537; Brenig, 70 F.3d at 852-53.  The jury is presumed to be capable of following the Court's instructions, sorting out the evidence, and giving separate consideration to each charge against each individual defendant.  United States v. Walls, 293 F.3d 959, 966 (6th Cir. 2002).

A strong policy presumption exists in favor of joint trials for co-defendants when the criminal charges result from the same acts and will be proved by the same evidence.  United States v. Critton, 43 F.3d 1089, 1098 (6th Cir. 1995); United States v. Moore, 917 F.2d 215, 220 (6th Cir. 1990).  This presumption is even more fundamental when, as here in Count Two of the Indictment, the defendants are charged with

2

participation in a common scheme.  United States v. Cope, 312 F.3d 757, 780 (6th Cir.

2002); United States v. Weiner, 988 F.2d 629, 634 (6th Cir. 1993).

Courts in this Circuit grant a severance of trials only if there is proof of a serious

risk that a joint trial would compromise a specific trial right of a defendant, or prevent the

jury from making a reliable judgment about a defendant's guilt or innocence.  Zafiro, 506

U.S. at 539; United States v. Delgado, 350 F.3d 520, 526 (6th Cir. 2003); Cope, 312

F.3d at 780; Walls, 293 F.3d at 966; United States v. Long, 190 F.3d 471, 476 (6th Cir.

1999).  Further, this Circuit recognizes that defendants who are indicted together, do not

have a right to severance and separate trials simply because they may have a better

chance of acquittal if they are tried alone.  United States v. Ross, 339 F.3d 483, 493 (6th

Cir. 2003); Long, 190 F.3d at 476; United States v. Welch, 97 F.3d 142, 148 (6th Cir.

1996); Brenig, 70 F.3d at 853.  Finally, the precedent in this Circuit indicates that a

defendant is not entitled to severance of trials merely because the incriminating proof is

greater against a co-defendant. Id.

To obtain a severance, the defendant bears the burden of showing factually

specific and compelling prejudice that will mislead or confuse the jury.  Welch, 97 F.3d

at 148; Cobleigh, 75 F.3d at 853; Moore, 917 F.2d at 221.  The Court finds that the

defendant has not met his burden of showing prejudice and a need for severance of

trials.

Defendant Bradley contends his co-defendant's statement will, if introduced into

evidence at trial, violate his right to confrontation of witnesses guaranteed by the Sixth

Amendment to the United States Constitution. Defendant relies upon Bruton.

The government, however, has specifically indicated that it will not rely upon Ms.

3

Blanks' statement to the officers.  As such, the strictures of <u>Bruton</u> are not implicated in this matter.

Relying upon Fed. R. Crim. P. 14, Mr. Bradley also urges separate trials predicated on prejudicial joinder. However, Mr. Bradley's argument for severance on prejudice grounds does not pass muster.

The Supreme Court's decision in <u>Zafiro</u> affirms the discretionary nature of Rule 14.  In that case, the Supreme Court was presented with the question of whether Rule 14 required "severance as a matter of law when co-defendants present 'mutually antagonistic defenses.' " <u>Zafiro</u>, 506 U.S. at 535.  The Court answered in the negative, stating, "[m]utually antagonistic defenses are not prejudicial <u>per se.</u>  Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of relief to be granted, if any, to the district court's sound discretion."  <u>Id</u>. at 538-39. Affording the district court this discretion serves to uphold the "strong preference in the federal court system for jointly indicted defendants to be tried together."  <u>United States v. Sherlin</u>, 67 F.3d 1208, 1215 (6th Cir. 1995) (citing <u>Zafiro</u>, 506 U.S. at 537).  As the Supreme Court recognized in <u>Zafiro</u>,  joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."  <u>Zafiro</u>, 506 U.S. at 537.

Because of this strong preference for joint trials, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  <u>Id</u>. at 539.  Accordingly, the Sixth Circuit has consistently held that "[i]n order to prevail on a motion for severance, a

4

defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." United States v. Lupo, 463 F.3d 445, 473 (6th Cir. 2006) (quoting United States v. Saadley, 393 F.3d 669, 678 (6th Cir. 2005)); accord Sherlin, 67 F.3d at 1215. The defendant bears this heavy burden because "jurors are presumed to follow the court's instruction to consider each defendant's case separately." Sherlin, 67 F.3d at 1215; see Zafiro, 506 U.S. at 539 ("[L]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."). Severance should not be granted where the same evidence is admissible against all defendants, nor should it be granted where evidence is admissible against some defendants but not others. Warner, 971 F.2d at 1196.

Despite this strong preference for joint trials, Rule 14 vests the Court with discretion to grant a severance or to "provide whatever other relief justice requires," if a defendant or the government is prejudiced by joinder. Moreover, the Court's determination of prejudicial joinder questions is entitled to great deference upon review. United States v. Breinig, 70 F.3d at 853.

A defendant is not entitled to severance simply because a separate trial may enhance his chances for acquittal. United States v. Warner, 971 F.2d 1189, 1196 (6th Cir.1992). In this regard, the Sixth Circuit has consistently held that the assertion of different defenses by co-defendants does not alone require severance. Id.; United States v. Kendricks, 623 F.2d 1165, 1168 (6th Cir. 1980); United States v. Vinson, 606 F.2d 149, 154 (6th Cir. 1979). Moreover, the Sixth Circuit, in United States v. Breinig, reaffirmed the principle articulated in Zafiro that "a mutually antagonistic defense is not prejudicial *per se*, and Rule 14 does not mandate severance on that ground as a matter

5

of law."  <u>Breinig</u>, 70 F.3d at 853.

In the present situation, the burden is on Mr. Bradley to show that an antagonistic defense would present a conflict "so prejudicial that defenses are irreconcilable, and the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." <u>Warner</u>, 971 F.2d at 1196.  The Court does not agree with Mr. Bradley's characterization that the evidence against his co-defendant will "spill over" and render Mr. Bradley culpable merely by association.  Mr. Bradley's argument is expressly foreclosed by the holding in <u>Warner</u>, that severance is not required where the proof may be stronger against one defendant than another.  More evidence gathered against his co-defendant is not enough to show specific, actual or compelling prejudice.

Mr. Bradley's motion to sever due to <u>Bruton</u> concerns, or on grounds of prejudicial joinder will be denied.

IT IS SO ORDERED.

  /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Date:   10 June 2011

6