# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:11CR84 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| DEONDRAY O'NEAL BRADLEY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Pending before the Court is the *pro se* motion of defendant Deondray O'Neal Bradley ("Bradley") to modify his sentence based upon Amendment 782. (Doc. No. 205 ["Mot."].) Plaintiff United States of America (the "government") opposes the motion (Doc. No. 206 ["Opp'n"]), and Bradley has filed a reply. (Doc. No. 207 ["Reply"].) For the reasons that follow, Bradley's motion is DENIED.

I. **BACKGROUND**

Bradley was originally charged in a two-count indictment charging a drug distribution crime and conspiracy to obstruct justice and to influence a witness, in violation of 18 U.S.C. § 371. (Doc. No. 4 (Indictment).) On April 11, 2012, the government issued a superseding indictment, adding two additional drug counts and additional defendants. (Doc. No. 79.) On May 3, 2013, the government and Bradley entered into a Rule 11(c)(1)(C) plea agreement in which Bradley agreed to enter a guilty plea to Count One of the Superseding Indictment, possession with the intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and Count Four, conspiracy to obstruct justice. (Doc. No. 154 ["Plea Agr."].) As per the agreement,

the parties agreed that the appropriate sentence was 120 months. (*Id*. at 880.[1]) The agreement noted that the parties realized that, if Bradley was classified as a career offender based on his criminal record, the recommended range of his sentence would have substantially exceeded 120 months. (*See id*. at 881.)

The agreement also contained a waiver of appellate rights, including Bradley's right to challenge his sentence by means of a post-conviction proceeding. In particular, the agreement expressly waived Bradley's right to challenge the sentence of imprisonment under the Federal Sentencing Guidelines. (*Id*. at 882.)

At sentencing, Judge David D. Dowd, Jr. asked the parties why the Court should accept the parties' proposed sentence.[2] Defense counsel explained that the parties arrived at the sentence by recognizing that if Bradley was found to be a career offender then his sentence would be much higher but that, if the government did not meet its burden, the sentencing range would fall below 120 months. The parties agreed that the 120 month figure represented "a fair resolution[.]" (Doc. No. 197 (Sentencing Hearing Transcript ["Tr."]) at 1145.)[3] The Court accepted the parties' Rule 11(c)(1)(C) agreement and, on August 15, 2013, imposed the 120-month sentence agreed upon therein, to be followed by 3 years of supervised release. (Doc. No. 169 (Judgment).)

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

[2] The matter was originally assigned to the docket of Judge Lesley Wells. On June 24, 2013, after Bradley had entered a guilty plea in accordance with the plea agreement, the matter was randomly reassigned to Judge Dowd. On May 14, 2015, the matter was once again randomly reassigned, this time to the docket of the undersigned.

[3] The government's counsel explained that Bradley had prior convictions in Detroit under an alias that was also used by a relative and that, without fingerprint evidence, it might be difficult for the government to establish that the prior convictions belonged to Bradley. (*Id*. at 1143-45.)

## II. DISCUSSION

Bradley now seeks a reduction in his sentence, pursuant to Amendment 782, which became effective on November 1, 2014 and revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines §§ 2D1.1 and 2D1.11. The government insists that Bradley is ineligible for any section reduction under Amendment 782 because his sentence was not tied to § 2D1.1 but rather to his possible career offender status, noting that had Bradley's sentence "been based on Section 2D1.1, . . . [the] advisory range [would only have been] 63-78 months[.]" (Opp'n at 1700-01.)

On June 4, 2018, the Supreme Court held that a defendant may be eligible for relief under 18 U.S.C. § 3582(c)(2) even if he was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement, so long as the defendant's guideline range was "part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes v. United States*, --U.S.--, 138 S. Ct. 1765, 1775, 201 L. Ed. 2d 72 (2018). Stated differently, a defendant who was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement "will be eligible for relief under § 3582(c)(2) absent clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines." *Id*. at 1776.

The record is clear that Bradley's sentence was "based on" his possible career offender status, not his drug quantity. Because the basis for the parties' sentencing agreement was the career offender guidelines, any amendment to the drug guidelines would not "have the effect of lowering the defendant's applicable guideline range." *See* U.S.S.G. § 1B1.10(a)(2)(B). Accordingly, he is ineligible for relief under § 3582(c)(2), and *Hughes* does not apply under these circumstances. *See United States v. Cook*, 870 F.3d 464, 470 (6th Cir. 2017) (holding a §

3

3582(c) motion relying on Amendment 782 is not proper where a defendant's sentence is based upon his status as a career offender); *United States v. Smith*, 814 F.3d 802, 804 (6th Cir. 2016) (holding that defendant was ineligible for a sentence reduction under § 3582(c)(2) because Amendment 782 did not lower the sentencing range in the career-offender provision of the sentencing guidelines).

Additionally, the Court notes that *Hughes* did not address a situation, such as the present one, where a defendant expressly waives his right to challenge his sentence under the sentencing guidelines. At least two district courts within the Sixth Circuit have ruled that, in such circumstances, the waiver still applies after *Hughes*. *See, e.g., United States v. Meriweather*, No. 3:11 CR 00239, 2018 WL 6330392, at *4 (M.D. Tenn. Dec. 4, 2018); *United States v. Rivers*, No. 3:11 CR 194-13, 2018 WL 4333969, at *4-5 (M.D. Tenn. Sept. 11, 2018). However, the Court need not reach the issue of whether the waiver survived the ruling in *Hughes* because Bradley's motion fails for the reason stated above.

### III. CONCLUSION

Bradley's *pro se* motion for a reduction of sentence pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2) is DENIED.

**IT IS SO ORDERED**.

Dated: March 18, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**